UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVIS

Case: 2:12-cr-20272
Judge: Roberts, Victoria A.
MJ: Michelson, Laurie J.
Filed: 04-26-2012 At 02:23 PM
INDI USA V. SEALED MATTER (AC)

UNITED STATES OF AMERICA

v.

| | | VIO.: | |
|---|---|---|---|
| D-1 | SACHIN SHARMA, | | 18 U.S.C. § 1349 |
| D-2 | DANA SHARMA, | | 18 U.S.C. § 1347 |
| D-3 | ABDUL MALIK AL-JUMAIL, a.k.a. "TONY" | | 18 U.S.C. § 371 |
| D-4 | FELICAR WILLIAMS, | | 18 U.S.C. § 2 |
| | | | 18 U.S.C. § 982 |

Defendants.

_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

1.     The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United State Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.     Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.     The Medicare program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B).  Part A covered physical therapy, occupational therapy, and skilled nursing services if a facility was certified by CMS as meeting

1

certain requirements.  Part B of the Medicare Program covered the cost of physicians' services, psychotherapy, and other ancillary services not covered by Part A.  The physical therapy, occupational therapy and other services at issue in this Indictment were covered by Part A.

4.     National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan.  TrustSolutions, LLC, was the Program Safeguard Contractor for Medicare Part A and Part B in the state of Michigan.

5.     By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement.  To receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

6.     Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN).  When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider.  When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

7.     Health care providers were given and/or provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations.  Providers could only submit claims to Medicare for services they rendered and

providers were required to maintain patient records to verify that the services were provided as described on the claim form.

8.     To receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, patient, and services rendered.

9.     A home health agency was an entity that provides health services, including but not limited to skilled nursing, physical and occupational therapy, and speech pathology services, to homebound patients.

10.     An adult day care facility was an entity that provides health services, including but not limited to psychotherapy services, to patients with certain mental health conditions.

11.     Reliance Home Care, LLC (Reliance), was a Michigan corporation doing business at 28303 Dequindre Road, Suite 110, Madison Heights, Michigan.  Reliance was a home health agency that purportedly provided home health services to Medicare beneficiaries.  Reliance was a Medicare provider and submitted claims directly to Medicare.  Reliance was operated and controlled by SACHIN SHARMA.

12.     First Choice Home Health Care Services, Inc. (First Choice), was a Michigan corporation doing business at 28091 Dequindre Road, Suite 205, Madison Heights, Michigan. First Choice was a home health agency that purportedly provided home health services to Medicare beneficiaries.  First Choice was a Medicare provider and submitted claims directly to Medicare.  First Choice was operated and controlled by SACHIN SHARMA.

13.     Associates in Home Care, Inc. (Associates), was a Michigan corporation doing business at 44444 Mound Road, Suite 530, Sterling Heights, Michigan.  Associates was a home

3

health agency that purportedly provided home health services to Medicare beneficiaries. Associates was a Medicare provider and submitted claims directly to Medicare. Associates was operated and controlled by SACHIN SHARMA and ABDUL MALIK AL-JUMAIL, a.k.a. "TONY."

14.     Haven Adult Day Care Center, LLC (Haven), was a Michigan corporation that operated at 16551 East Warren Avenue, Detroit, Michigan, and 5001 Kensington Avenue, Detroit, Michigan.   Haven was an adult day care facility that purportedly provided psychotherapy services to Medicare beneficiaries.   Haven was a Medicare provider and submitted claims directly to Medicare.   Haven was operated and controlled by SACHIN SHARMA and FELICAR WILLIAMS.

15.     SACHIN SHARMA is a resident of Macomb County, Michigan, and operated and controlled many purported home health and medical service companies throughout the Eastern District of Michigan, including Reliance, First Choice, Associates, and Haven.

16.     DANA SHARMA is a resident of Macomb County, Michigan, and operated and controlled Reliance.

17.     ABDUL MALIK AL-JUMAIL, a.k.a. "TONY," is a resident of Wayne County, Michigan, and operated and controlled Associates.

18.     FELICAR WILLIAMS is a resident of Wayne County, Michigan, and operated and controlled Haven.

## COUNT 1
### (18 U.S.C. § 1349 - Health Care Fraud Conspiracy)
### D-1  SACHIN SHARMA
### D-2  DANA SHARMA
### D-3  ABDUL MALIK AL-JUMAIL, a.k.a. "TONY"
### D-4  FELICAR WILLIAMS

19.     Paragraphs 1 through 18 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

20.     From in or around January 2007 and continuing through in or around April 2012, the exact dates being unknown to the Grand Jury, at Wayne County in the Eastern District of Michigan, and elsewhere, the defendants SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a. "TONY," FELICAR WILLIAMS and other co-conspirators known and unknown, did willfully and knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

21.     It was a purpose of the conspiracy for defendants SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," FELICAR WILLIAMS and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare

and the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

**Manner and Means**

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

22.     SACHIN SHARMA and others would incorporate home health care, psychotherapy, and other medical service companies in and around the Eastern District of Michigan and elsewhere, including Reliance, First Choice, Associates, and Haven.

23.     SACHIN SHARMA and others would submit Medicare enrollment applications and obtain Medicare provider numbers for Reliance, First Choice, Associates, Haven, and other home health care, psychotherapy and medical service companies, so as to allow these companies to bill Medicare.

24.     SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a. "TONY," and FELICAR WILLIAMS would operate and control home health care, psychotherapy, and other medical service companies in and around the Eastern District of Michigan and elsewhere, including Reliance, First Choice, Associates, and Haven.

25.     SACHIN SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY, and others would pay kickbacks and bribes to recruiters, including FELICAR WILLIAMS, for information of Medicare beneficiaries that would be used to bill Medicare.

26.     SACHIN SHARMA, DANA SHARMA and others would control the day-to-day operations at Reliance, and would bill Medicare, and cause Medicare to be billed, for home health care and related services purportedly provided by Reliance that were medically unnecessary and not provided.

27.     SACHIN SHARMA and others would control the day-to-day operations at First Choice, and would bill Medicare, and cause Medicare to be billed, for home health care and related services purportedly provided by First Choice that were medically unnecessary and not provided.

28.     ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," and others would control the day-to-day operations at Associates, and would bill Medicare, and cause Medicare to be billed, for home health care and related services purportedly provided by Associates that were medically unnecessary and not provided.

29.     FELICAR WILLIAMS and others would control the day-to-day operations at Haven, and would bill Medicare, and cause Medicare to be billed, for psychotherapy and related services purportedly provided by Haven that were medically unnecessary and not provided.

30.     SACHIN SHARMA, DANA SHARMA, FELICAR WILLIAMS and other co-conspirators would fabricate and falsify medical and billing documents reflecting or supporting purported health care services and other services billed to Medicare that were not medically necessary and were not provided by Reliance, First Choice, Associates and Haven.

31.     SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a. "TONY," FELICAR WILLIAMS and others would cause Reliance, First Choice, Associates, Haven and other home health, psychotherapy, and medical service companies, to submit approximately $23 million in claims to Medicare for the cost of home health services, psychotherapy and other medical services.

32.     SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a. "TONY," FELICAR WILLIAMS and others would transfer and disburse, and cause the transfer and disbursement of, monies from the various corporate accounts of Reliance, First Choice,

Associates, and Haven and other home health, psychotherapy, and medical service companies, to themselves and others.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2 - 6
### (18 U.S.C. §§ 1347 and 2 – Health Care Fraud)
### D-1  SACHIN SHARMA

33.     Paragraphs 1 through 18 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

34.     On or about the dates enumerated below, in Wayne County in the Eastern District of Michigan, and elsewhere, SACHIN SHARMA, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services.

| Count | Medicare Beneficiary | Company Billing | Approx. Date of Service | Description of Items Billed/ Billing Code | Approx. Amount Claimed |
|---|---|---|---|---|---|
| 2 | T. L. | Reliance | 10-Nov-10 | Physical Therapy (G0151) | $175.00 |
| 3 | T. L. | Reliance | 12-Nov-10 | Physical Therapy (G0151) | $175.00 |
| 4 | T. L. | Reliance | 17-Nov-10 | Physical Therapy (G0151) | $175.00 |
| 5 | T. L. | Reliance | 19-Nov-10 | Physical Therapy (G0151) | $175.00 |
| 6 | T. L. | Reliance | 24-Nov-10 | Physical Therapy (G0151) | $175.00 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 7
### (18 U.S.C. § 371 – Conspiracy to Pay and Receive Health Care Kickbacks)
### D-1  SACHIN SHARMA
### D-3  ABDUL MALIK AL-JUMAIL, a.k.a. "TONY"
### D-4  FELICAR WILLIAMS

35.    Paragraphs 1 through 18 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

36.    From in or around January 2007, and continuing through in or around April 2012, the exact dates being unknown to the Grand Jury, at Wayne County and elsewhere in the Eastern District of Michigan, defendants SACHIN SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a. "TONY," FELICAR WILLIAMS and others did willfully and knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, that is,

(a) to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A) by knowingly and willfully offering or paying any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part by Medicare, a Federal health care program as defined in Title 18, United States Code, Section 24(b); and

(b) to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) by knowingly and willfully soliciting or receiving any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be

made in whole or in part by Medicare, a Federal health care program as defined in Title 18, United States Code, Section 24(b).

37.    It was a purpose of the conspiracy for defendants SACHIN SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a. "TONY," and others to unlawfully enrich themselves by offering and paying kickbacks and bribes to patient recruiters and employees of psychotherapy companies, including FELICAR WILLIAMS and others, who solicited and received kickbacks and bribes, and in return provided Medicare beneficiary information that SACHIN SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," and others would use to bill Medicare for home health and related medical services.

### Manner and Means

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

38.    SACHIN SHARMA and others would incorporate home health care, psychotherapy, and other medical service companies in and around the Eastern District of Michigan and elsewhere, including Reliance, First Choice, Associates, and Haven.

39.    SACHIN SHARMA and others would submit Medicare enrollment applications and obtain Medicare provider numbers for Reliance, First Choice, Associates, Haven, and other home health care, psychotherapy and medical service companies, so as to allow these companies to bill Medicare.

40.    SACHIN SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," and others would pay money from Reliance, Associates, and other home health care company bank accounts to patient recruiters and employees of psychotherapy companies, including FELICAR WILLIAMS.

10

41.     These payments were made, in part, to pay patient recruiters and employees of psychotherapy companies, including FELICAR WILLIAMS, in exchange for Medicare beneficiary information that was to be used by SACHIN SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," and others to bill for home health and other medical services.

<u>**Overt Acts**</u>

In furtherance of the conspiracy, and to accomplish its purposes and objects, at least one of the conspirators committed, or caused to be committed, in the Eastern District of Michigan, the following overt acts, among others:

42.     In or around November 2011, the exact date being unknown to the Grand Jury, in or around Wayne County in the Eastern District of Michigan, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," did willfully offer another person at least $400 in return for providing Medicare beneficiary information to be used to bill Medicare.

43.     In or around July 2010, the exact dates being unknown to the Grand Jury, in or around Wayne County in the Eastern District of Michigan and elsewhere, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," did offer to make money payments to FELICAR WILLIAMS and an unindicted co-conspirator, in return for providing Medicare beneficiary information to be used to bill Medicare.

44.     From in or around June 2007 through in or around June 2011, the exact dates being unknown to the Grand Jury, in and around Wayne County in the Eastern District of Michigan and elsewhere, SACHIN SHARMA made money payments to patient recruiters and others in return for providing Medicare beneficiary information to be used to bill Medicare.

All in violation of Title 18, United States Code, Section 371.

11

## CRIMINAL FORFEITURE
### (18 U.S.C. § 982)

45.   The allegations contained in Counts One through Six are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of any property, real or personal obtained by the defendants, that is, SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," and FELICAR WILLIAMS, by commission of the offenses charged in Counts One through Six, pursuant to the provisions of 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461.

46.   As a result of the violation of Title 18, United States Code, Section 1349, as set forth in this Indictment, defendants SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," and FELICAR WILLIAMS shall forfeit to the United States any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461.

47.   As result of the violations of Title 18, United States Code, Sections 1347 and 2, as set forth in this Indictment, defendant SACHIN SHARMA shall forfeit to the United States any property, real or personal, that constitutes or is derived from, gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 982(a)(7).

48.   Substitute Assets:  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a)   Cannot be located upon the exercise of due diligence;

b)   Has been transferred or sold to, or deposited with, a third party;

c)   Has been placed beyond the jurisdiction of the Court;

d)   Has been substantially diminished in value; or

e)       Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461, to seek to forfeit any other property of defendants SACHIN SHARMA, DANA SHARMA, ABDUL MALIK AL-JUMAIL, a.k.a., "TONY," and FELICAR WILLIAMS, up to the value of the forfeitable property described above.

49.     <u>Money Judgment</u>:  A sum of money equal to at least $21,953,578.27 in United States currency, or such amount as is proved at trial in this matter, representing the total amount of proceeds obtained as a result of defendant's violations of 18 U.S.C. §§ 1349 and 1347, as alleged in this Indictment.

All pursuant to Title 18, United States Code, Section 982(a)(7).

THIS IS A TRUE BILL.

<u>s/GRAND JURY FOREPERSON</u>
Grand Jury Foreperson


BARBARA L. MCQUADE
UNITED STATES ATTORNEY

<u>s/WAYNE F. PRATT</u>
WAYNE F. PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-2548
Wayne.Pratt@usdoj.gov

s/GEJAA T. GOBENA
GEJAA T. GOBENA
Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 305-1310
Gejaa.Gobena@usdoj.gov

s/WILLIAM G. KANELLIS
WILLIAM G. KANELLIS
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 674-5661
william.kanellis2@usdoj.gov

Dated:  April 26, 2011

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

Case:2:12-cr-20272
Judge: Roberts, Victoria A.
MJ: Michelson, Laurie J.
Filed: 04-26-2012 At 02:23 PM
INDI USA V. SEALED MATTER (AC)

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it acc

**Reassignment/Recusal Information** This matter was oper

**Companion Case Information**

| | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: ᏊᏑ𝐹 |

Case Title: USA v.   D-1  SACHIN SHARMA,
D-2  DANA SHARMA,
D-3  ABDUL MALIK AL-JUMAIL, a.k.a. "TONY"
D-4  FELICAR WILLIAMS

County where offense occurred : Wayne County, Michigan

Check One:   ☒ Felony          ☐ Misdemeanor      ☐ Petty

_____Indictment/_____Information --- no prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number: ]
_____Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below].*

**Superseding Case Information**

Superseding to Case No: _____   Judge: _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges<br>applicable)** | **Prior Complaint (if** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

April 26, 2012
Date

WILLIAM G. KANELLIS
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 674-5661
William.Kanellis2@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09