UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DANA SHARMA,

        Defendant.
_____/

CRIMINAL NO. 12-20272
HON. DENISE PAGE HOOD

## ORDER DENYING DEFENDANT'S MOTION
## FOR EARLY TERMINATION OF SUPERVISED RELEASE [#650]

### I. BACKGROUND

Defendant Dana Sharma ("Sharma") pled guilty to Conspiracy to Commit Health Care Fraud (Count I), and the Court imposed a Judgment on September 30, 2016. (Doc # 570) The Court sentenced Sharma to be imprisoned for a total term of one day, time served, and three years of supervised release. *Id.* Initially, the Court included as a special condition of supervision that the first year of Sharma's supervised release be served in a residential reentry center. *Id.* On October 20, 2016, that condition was altered by agreement of the parties, and Sharma was allowed to serve the first year of her supervised release on home confinement. (Doc # 576) On May 24, 2017, Sharma's home confinement was modified to permit her to be away from her home between the hours of 7AM and 9PM. (Doc #

1

595)  On September 13, 2018, Sharma filed a Motion for Early Termination of Supervised Release.  (Doc # 650)  On October 09, 2018, the Government filed a Response in opposition to Sharma's Motion.  (Doc # 652)

## II.  ANALYSIS

### A. Standard of Review

The Court has the authority to modify, reduce, enlarge, or terminate supervised release under 18 U.S.C. § 3583(e)(1):  "The court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The 18 U.S.C. § 3553(a) factors to be considered are as follows:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

(6) any pertinent policy statement issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

### B. Request for Early Termination of Supervised Release

Sharma argues that the Court should grant her Motion because she believes that she has complied with all of the terms and conditions of her supervised release. Sharma also mentions that a favorable ruling on her Motion would allow her to travel to India to participate in the traditional disposal of the ashes of her mother-in-law. To date, Sharma has served two years of her three-year term of supervised release.

The Government contends that it is not clear that Sharma has complied with the conditions of her supervised release because Sharma remains unemployed despite the fact that she is required to obtain employment. The Government argues that even if the Court finds that Sharma has complied with the conditions of her release, her compliance should not be considered "exceptionally good behavior," which is required to justify early termination.

The Probation Department provided the Court with a Supervision Report, dated October 11, 2018, which suggested that Sharma should continue to be on supervised release until her scheduled expiration date of September 7, 2019. The

Probation Department notes that Sharma has been unemployed since February 2017, and has not been excused from the standard condition to work at a lawful occupation. The Probation Department further notes that Sharma is not able to support herself, and reports that her brother-in-law provides her with financial support, which includes paying her monthly restitution payments.

Courts in the Sixth Circuit have held that although early termination of supervised release is a discretionary decision, it is only warranted in situations "where the defendant has shown changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 Fed. Appx. 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Here, there is no indication that Sharma has demonstrated that she has behaved exceptionally well during her supervised release. In fact, the Probation Department has explained that Sharma has not abided by all of the conditions of her release. Even if Sharma were to argue that she has exhibited good behavior by abiding by the majority of the conditions of her release, courts have held that simply complying with the terms of release does not justify early termination. *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). After considering all of the relevant facts, the Court finds that Sharma's behavior does not amount to a level of "exceptionally good behavior" that would warrant early termination of her supervised release.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Dana Sharma's Motion for Early Termination of Supervised Release (Doc # 650) is **DENIED**.

                                            s/Denise Page Hood
                                            Chief Judge, U. S. District Court

Dated: November 6, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2018, by electronic and/or ordinary mail.

                                            S/LaShawn R. Saulsberry
                                            Case Manager